## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

FRANK P. APUZZO, JR. and KIMBERLY
J. APUZZO,

                Plaintiffs,

vs.                                 Case No.:

VOLHR CORPORATION, and 400 LA      **JURY TRIAL DEMANDED**
PENINSULA CONDOMINIUM
ASSOCIATION, INC.,

                Defendants.

_____/

## <u>COMPLAINT</u>

COME NOW Plaintiffs, FRANK P. APUZZO, JR. (hereinafter "Mr. Apuzzo") and KIMBERLY J. APUZZO (hereinafter "Mrs. Apuzzo") (collectively "The Apuzzos" or "Plaintiffs"), through the undersigned counsel, and hereby bring these claims against Defendants, VOLHR CORPORATION (hereinafter "Volhr") and 400 LA PENINSULA CONDOMINIUM ASSOCIATION, INC. (hereinafter the "LPCA") (each a "Defendant" and collectively "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c (hereinafter "FDCPA"), the Freedom to Display the American Flag Act of 2005, 109 P.L. 243, 120 Stat. 572 (hereinafter "Flag Act"), the Florida Consumer Collection Practices Act, Fla. Stat § 559.72 (hereinafter "FCCPA"), and he Condominium Act, Fla. Stat.

718.101, et seq. (hereinafter the "Condominium Act"). In support thereof Plaintiffs state as follows:

## INTRODUCTION

1.  The Apuzzos have been subject to Defendants' ongoing use of abusive, deceptive, and unfair debt collection practices in violation of both the FDCPA and the FCCPA, including the abusive attempted collection of unlawful fines and assessments, and ongoing campaign of harassment and abuse intended to bully them into paying such.

2.  The FDCPA was established by Congress to protect individuals and eliminate competitive disadvantages for collection companies to act properly.

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
> […]
> (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
> […]
> (e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C §1692.

3.    Similarly, the FCCPA was established to protect individuals from what the Legislature deemed a series of abuses in the area of debtor-creditor relations. *Harris v. Beneficial Finance Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976).

4.    Defendants' unfair collection practices stem from the LCPA's continued collection efforts (including direct harassment and abuse from LCPA's Board members), pursuing invalid debts directly and through its collections agent Volhr. Such debts (assessment and fines) violate the prior binding property transfers, LCPA's Governing Documents, the (Federal) Flag Act and the (Florida) Condominium Act.

5.    The Apuzzos request this Court permanently enjoin Defendants' conduct, declare the subject damages and fines levied by Defendants as described herein unlawful, declare Defendants' conduct in violation each act, and award the Apuzzos statutory and actual damages due to Defendants' violations.

6.    As part of its campaign of harassment and abuse, Defendants unlawfully fined the Apuzzos, encroaching on their rights to display a United States flag under the Fla Act and Florida law, knowingly engaged in conduct in violation of the FDCPA and FCCPA by threatening to place a lien on the Apuzzos property (when they knew no such right existed), and further

3

violated several provisions of the Condominium Act, intentionally violating such to harass the Apuzzos and cause them financial and emotional distress.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as this is a civil action arising under federal law, namely the FDCPA and Flag Act, and has supplementary jurisdiction pursuant to 18 U.S.C. § 1367 over the FCCPA and Condominium Act state claims.

8. Venue is proper in this District because the events giving rise to these claims occurred here, the real property that is the subject of the action is situated in this District, and Defendants transact business and/or reside here. 28 U.S.C. § 1391(b)(2), (c) and (d).

## PARTIES

9. The Apuzzos are each a natural person and citizen of the State of Florida, residing in Collier County, Florida.

10. The Apuzzos are each a "consumer" pursuant to the FDCPA, 15 U.S.C. § 1692a(3) and a "debtor" or "consumer" pursuant to the FCCPA, Florida Statute § 559.55(8) as they are each a natural person allegedly obligated to pay any debt which allegedly rose from a personal, family, or household transaction.

11. The Apuzzos are each a "member" as defined in 120 Stat. 572 § 2 (4) of the Flag Act.

12. Volhr Corporation is a Florida corporation with its principal place of business located at 1000 North Collier Blvd., Ste. 8, Marco Island, FL 34145.

13. Volhr is a "debt collector" as defined in 15 U.S.C. 1692a(6) as it uses the mail for the principal purpose of collection of debts and who regularly collects or attempts to collect debts owed or due another (in this case, regularly collecting on behalf of residential associations).

14. Volhr is a "person" within the meaning of the FCCPA as it is used in Fla. Stat. § 559.72.

15. LPCA is a Florida not-for-profit corporation with its principal place of business located at c/o Volhr Corporation, 1000 North Collier Blvd., Ste. 9, Marco Island, FL 34145 and was formed as a condominium association under Florida laws.

16. LPCA is a "person" within the meaning of the FCCPA as it is used in Fla. Stat. § 559.72.

17. LPCA is a "condominium association" as defined in 120 Stat. 572 § 2 (2) of the Flag Act.

## AGENCY ALLEGATIONS

1. LPCA, is granted with several powers and duties through LPCA's Declaration, Bylaws, Articles of Incorporation, and Rules and Regulations (collectively "Governing Documents") and the Condominium Act.

2. LPCA exercises its duties, including contracting with third parties and enforcing the Governing Documents, by delegating each to its Board, employees, and agents.

3. Upon information and belief, at all times relevant hereto, Volhr was and continues to be an employee and agent of LPCA, vested with the powers to manage, maintain, and operate the Community (including instituting collection action, and supervising those parties selected to pursue collection, as directed by LPCA and its Board).

4. Upon information and belief, at all times relevant hereto, LPCA, through Volhr, retained the Law Offices of William G. Morris, P.A. ("Morris Law") as both LPCA and Volhr's agent to collect the alleged debt discussed herein, including the redrafting of LPCA's Governing Documents.

5. LPCA is responsible for all acts of its agents, employees, and its directors and officers.

6.    In committing the acts alleged herein, both Volhr and Morris Law were agents of LPCA and acted with the knowledge, consent, permission, cooperation, encouragement, and authorization of Defendant LPCA.

7.    Under information and belief, all such actions were ratified and approved by Defendant LPCA or its officers, directors, controlling persons, agents, partners, or joint venturers or were done at the direct instruction of LPCA.

## FACTUAL ALLEGATIONS

8.    La Peninsula is a gated condominium complex consisting of several buildings, each of which contain 25 or more units, and is situated on the Isles of Capri, Collier County, Florida.

9.    La Peninsula is governed by The Club at La Peninsula ("Master Association") who is granted several powers and duties through the Master Association's Declaration, Bylaws, Articles of Incorporation, and Rules and Regulations, as amended, (collectively "Master Association's Governing Documents") and the Condominium Act.

10.    400 La Peninsula is one of the buildings in La Peninsula, with a street address of 400 La Peninsula Boulevard, Naples, Florida 34113 (the "Community").

11. The Community is governed by both the Master Association and the LPCA, who is granted with several powers and duties through its Governing Documents.

12. LPCA's Governing Documents were recorded and effective on January 22, 1996.

13. Owners of any real property in the Community are, by law and through LPCA's Governing Documents, members of the Community.

14. LPCA's Governing Documents allow for a Board of Directors (the "Board") comprised of at least three members, and Officers elected by the Board.

15. On July 9, 1996, LPCA recorded a resolution, which in pertinent part, "…**irrevocably** confirms the status as and assigns to the owner of Unit 408 to use as a **limited common element** the area of the terrace currently in place outside of the south side of Unit 408…(all of which limited common elements are hereby irrevocably assigned and confirmed to the Grantee)…"("1996 Resolution")(emphasis added) (attached hereto as Exhibit A).

16. Unit 408 in the Community (the "Property") is held in trust by the Apuzzo Family Trust ("Trust").

17. The Apuzzos are co-trustees of the Trust and members of the LPCA.

18. The Apuzzos have resided at the Property for over five years.

19. Mr. Apuzzo is a vocal advocate for the Community who favors accountability and transparency of the Board so the members of the Community may each have a say in the way the Community is run.

20. The Apuzzos, as proud Americans, have displayed the United States flag on the limited common area immediately abutted to the Property's back patio (hereinafter the "Area") on a portable flagpole in a respectful way for over two years.

21. The Area is reserved to the Property to the exclusion of other Units at La Peninsula as it naturally excludes all others who are not entering the Apuzzos patio and is not in the right of way nor does it obstruct other units in the community.

22. The Area is a limited common area exclusive to the use of the Property as defined by the Governing Documents, the Master Association Governing Documents, and the irrevocable 1996 Resolution.

23. At all times relevant to this Complaint, the Apuzzos were neighbors of Fredrick Havers ("Havers"), who throughout his time as member of the LPCA has held several roles on the Board, most recently as President of the LPCA.

24. For the past five years, the Apuzzos have been subject to harassing conduct by the LPCA board members over a number of issues and for various

reasons, including the repeated attempted collection of unlawful fines levied against the Apuzzos and monies for alleged damage to the common area the Apuzzos did not cause.

25. The Apuzzos believe the harassment they have been subject to stems, in part, from a disagreement with Havers over the removal of a screen enclosure on their Property.

26. Upon information or belief, this incident caused Havers to pursue a personal vendetta against the Apuzzos.

27. This vendetta includes acts by Havers, abusing his capacity as a member of the Board and fostered animosity towards the Apuzzos among the Board of LPCA and other members of the Community.

28. Havers acts include making disparaging comments regarding the Apuzzos to members of the LPCA, and his continued rallying of the Board to enforce unlawful fines and allocating the costs of alleged damages to the Apuzzos that were not caused by the Apuzzos.

29. As a result, the Apuzzos were and continue to be subject to harassment ranging from the levying, collection and attempted collection of invalid debts to continued verbal assaults by both current and former members of the Board of the LPCA.

30. More specifically, the Defendants have made several attempts to collect monies for damages the Apuzzos did not cause by:

   a. On February 7, 2020, Volhr, on behalf of the LPCA, forwarded the Apuzzos an invoice from Earthcare Landscape Services ("Earthcare") for enhancements to the landscape in the amount of $364.80 alleging, without any supporting documentation, that Mr. Apuzzo had relocated bushes following their initial installation on the subject area and requiring the Apuzzos pay the for the community's enhancements (see attached Exhibit B).

   b. Less than a week later, on February 12, 2020, Volhr, on behalf of LPCA, forwarded the Apuzzos a second invoice from Earthcare for irrigation repairs in the amount of $209.75, which the LPCA claimed "…were due to the Association's need to relocate Clusia bushes back to their original location after [Mr. Apuzzo] had them removed."(see attached Exhibit C);

   c. To be clear, the February 12, 2020 correspondence forwarded the Apuzzos an invoice for irrigation repairs which it silently acknowledges were not caused by the Apuzzos, but which LPCA claims were incurred as a result of the enhancements they tried to pass off on the Apuzzos in their February 7, 2021 letter;

d.  Then, just over two weeks later, on February 27, 2020, Volhr, on behalf of LPCA, forwarded the Apuzzos three additional Earthcare invoices totaling $1,690 for repairs the LPCA alleged were incurred due to Mr. Apuzzos unauthorized removal of landscaping without any evidence thereof (see attached Exhibit D). The $1,690 LPCA attempted to collect from the Apuzzos in this letter included:

    i.  a March 20, 2019 ***Estimate*** from Earthcare to install bushes behind Building 400 in the amount of $315.00;

    ii.  a July 7, 2019 invoice from Earthcare showing several line items including the transfer of a tree to its original location in the amount of $440.00, which is highlighted as allocated to the Apuzzos (without proof this was a result of any acts of the Apuzzos);

    iii.  a July 5, 2017 invoice from Earthcare installing a "…new clusia tree behind Unit 408 where the sea grape tree previously…" in the amount of $935.00;

31.  The Apuzzos disputed and continue to dispute the alleged damage to the landscaping and irrigation as they did not cause such damage and the LPCA did not provide any proof such damage was caused by the Apuzzos.

32. Not only did the LPCA attempt to collect monies from the Apuzzos for damages they did not cause, the LPCA participated in a pattern of fining the Apuzzos for (1) acts which other members were not fined (arbitrary enforcement of the community's rules and regulations singling out the Apuzzos) and (2) for the lawful display of the United States flag on a limited common element immediately abutting the Apuzzos Unit 408.

33. The Apuzzos repeatedly disputed these fines and alleged damages, refused to pay the invalid debt, and as a result were suspended from utilizing the Community's common areas and prohibited from voting on Community matters due to the "outstanding balance".

34. Then on or about March 27, 2019, the LPCA through Morris Law filed a Petition for Non-Binding Arbitration with the Department of Business and Professional Regulation further pursuing the monies for the alleged damage the Apuzzos did not cause.

35. The Arbitration was dismissed on August 13, 2019.

36. Finally, the LPCA approved the initiation of two separate small claims actions against the Apuzzos to collect the alleged damages and unlawful fines, knowing that such the Apuzzos could not be legally charged for such.

37. Upon information and belief, Morris Law, at the instruction of LPCA, filed two separate lawsuits in small claims for the unlawful fines and damages described above in order to further harass the Apuzzos and increase their legal costs while benefitting from the expediency of small claims court.

38. In fact, Havers, in his capacity as President of the LPCA, told Mr. Apuzzo to "Get [his] checkbook out, buddy!", implying that if the Apuzzos were unwilling to simply cave to the board's unlawful demands that it would intentionally make it too expensive to fight.

39. The Apuzzos were not only the victims of the collection actions from the LPCA for the alleged damage and unlawful fines, they were also subject to verbal assaults and other harassing conduct from members of the Board of the LPCA and members of the LPCA (whose conduct was ratified by the Board).

40. The verbal assaults and other harassing conduct includes:

    a. On January 28, 2020, former Board member, Craig Pillatsch ("Pillatsch") made insulting remarks to Mr. Apuzzo when Mr. Apuzzo was walking back to his Property. This was not the first incident Pillatsch had engaged in such conduct as he had previously made insulting remarks to Mrs. Apuzzo regarding Mr. Apuzzo while Pillatsch was member of the Board;

b. On April 19, 2020, Bob Zammito ("Mr. Zammito"), a former member of the LPCA Board, in his capacity as member of the Board, engaged in a verbal altercation with Mr. Apuzzo wherein Mr. Zammito called Mr. Apuzzo a "cock sucker" and "piece of shit", and threatened to batter Mr. Apuzzo. This was not the first incident Mr. Apuzzo encountered with Mr. Zammito as Mr. Zammito had on at least two other occasions verbally assaulted Mr. Apuzzo;[1]

c. On May 7, 2020, Pillatsch again verbally assaulted Mr. Apuzzo;

d. an incident where members of the Board referred to Mrs. Apuzzo as "trash" within earshot of Mrs. Apuzzo and with knowledge Mrs. Apuzzo could hear the comment;

e. an incident where there was a dead fish placed in the Apuzzos back garden limited common area near the replanted bushes.

f. an incident where the Apuzzos' vehicles were vandalized (one was keyed, the other had coffee and coffee grounds poured on it); and

g. an incident where the Apuzzos contractor was verbally threatened by members of the Board for performing authorized repairs on the Property.

---

[1] Plaintiff apologizes to the Court for the offensive nature the language quoted, but feels it important to properly plead the details of these exchange.

41. The Apuzzos timely (and repeatedly) notified the LPCA of all verbal and harassing conduct they were subjected to, yet the pattern of such behavior continued unabated.

42. However, the LPCA failed to act, in violation of Sections 16.2 and 25.3 of the Declaration, as amended, which state:

   a. "Section 16.2, Nuisances, No owner…may disturb any other person on the property with the use of profane, obscene, threatening or abusive comments or conduct."

   b. "Section 25.3, Quiet Enjoyment, Owners, residents…shall not engage in any abusive or harassing behavior, either verbal or physical…"

43. Further, the LPCA's Governing Documents were the subject of a material amendment, wherein the Governing Documents were materially changed and went into effect as of April 29, 2020.[2]

44. Upon information and belief, the material amendment was initiated by the Board and Volhr to further harass and target the Apuzzos specifically.

_____

[2] While not the subject of this Complaint, the Apuzzos maintain the amendments were not passed as required by the original Governing Documents, and as such, the resulting provisions are unenforceable as amended, further invalidating the levied fines (even though the Apuzzos also maintain the fines are not valid under the Governing Documents as amended due to waiver and as the provisions relied on are not valid under Florida law).

45. The amendments, in pertinent part, include specific provisions attempting to revoke the limited common elements granted to Unit 408 in 1996 by incorporating language specifically defining any area behind a lanai on the first floor (where the Apuzzos have placed the United States flag) as "common elements".

46. Upon information and belief, the LPCA affirmed this amendment with the intent to circumvent the Governing Documents, including the 1996 Resolution defining that area as a limited common element belonging to Unit 408, so as to force the Apuzzos to pay unlawful fines associated with the lawful display of the United States flag.

47. Following the material amendment, on or about May 28, 2020, Morris Law, on behalf of the LPCA, continued its collection efforts to collect an invalid debt (for the damage the Apuzzos did not cause) by threatening to place a lien on the Property for "overdue assessments" (attached hereto as "Exhibit E").

48. Then on or about July 22, 2020, Volhr, on behalf of the LPCA, sent the Apuzzos a Notice of Intent to Record a Claim of Lien on the Property for the alleged debt comprised of the unlawful fines and for the damages the Apuzzos did not cause listing the damages as a "maintenance fee assessment" (attached hereto as "Exhibit F").

49. On or about July 29, 2020, the Apuzzos continued to dispute the alleged debt for the reasons stated herein.

50. Then on or about August 31, 2020, Morris Law, on behalf of the LPCA, sent the Apuzzos a Notice of Intent to Record a Claim of Lien for "assessments", which in fact were monies allegedly owed for the disputed damage to the landscaping (attached hereto as "Exhibit G").

51. On February 18, 2021, LPCA's Board voted to further impose new unlawful fines against the Apuzzos for alleged acts violating the provisions of the new Governing Documents that had been implemented to target the Apuzzos, including (1) placement of furniture on common area, (2) placement of a flag and flagpole on common area, (3) the parking of vehicles on common area while under suspension, and (4) unauthorized parking in another owner's assigned parking space (collectively "Alleged Violations").

    a. The "common area" where furniture was placed was in fact limited common area as defined by the 1996 Resolution;

    b. Upon information and belief, other units place furniture in a similar area behind their Units and are not fined;

18

    c. The United States flag is placed in a limited common area immediately abutted to the Appuzos Unit which is exclusive to the Unit;

    d. Both the Governing Documents and the Condominium Act prohibit suspension of common area parking privileges;

    e. Upon information and belief, other members of the LPCA, including members of the Board, park in other members' assigned parking spaces and have not been levied fines.

52. On or about March 1, 2021, the LPCA sent the Apuzzos notice of their intent to fine the Apuzzos for the Alleged Violations and notice of the Fine Committee meeting to be held on March 22, 2021.

53. Upon information and belief, the Fine Committee is comprised primarily of Board members.

54. The Apuzzos, already in a distressed mental state due to their prior harassment by the Board, decided to respond in writing rather than be subject to further harassment and abuse from the Board as described above.

55. Upon information and belief, the members present of Fine Committee voted unanimously to levy the fines on the Apuzzos property as recommended by the Board.

56. The fines assessed totaled $6,800 and were sent by mail to the Apuzzos on March 23, 2021.

57. The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Fla. Stat. § 559.55(6), as it arises from personal, family or household transactions.

58. Both the Governing Documents and the Condominium Act, Fla. Stat. § 303(3), limit fines, where valid, in the aggregate to $1,000.

59. Defendant LPCA, as a Condominium Association and having recently reviewed a material amendment of its Governing Documents, is well aware of the Condominium Act, including the limitation of fees as described Fla. Stat. § 303(3).

60. Defendant Volhr, as a professional management company tasked with the management of Condominium Associations, is also well aware of the Condominium Act, including the limitation of fees as described Fla. Stat. § 303(3).

61. On or about June 1, 2021, the Apuzzos were served with a Summons and Statement of Claim for damages not to exceed $8,000 for the disputed unlawful fines levied on the Apuzzos' property on March 23, 2021.

62. On or about July 7, 2021, the Apuzzos were served with a second Summons and Statement of Claim for damages not to exceed $8,000 for the damages the Apuzzos dispute and maintain they did not cause, dating back to 2017.

63. As a result of these actions, the Apuzzos have suffered and continue to suffer severe mental distress.

64. Mrs. Apuzzo fears leaving the Property and utilizing the Community's amenities for fear of further incident or confrontation with the Board, its members, agents, and other members of the Community who (under information and belief) have been told false information about the Apuzzos as part of the ongoing campaign of harassment.

65. Mr. Apuzzo feels constantly attacked and the target of Defendants for his continued push back on their unlawful acts.

66. The Apuzzos are entitled to attorney's fees, costs, and reimbursement of any amounts paid in assessments that were directly used to prosecute the Apuzzos in the small claims action, as well as the present matter pursuant to Fla. Stat. § 718.303(1).

67. All conditions precedent to the bringing of this action have occurred, have been performed, or have been waived.

**COUNT I**
**(Violation of the FDCPA**
**as to Defendant, Volhr)**

21

68. The Apuzzos incorporate and reallege paragraphs one (1) through sixty-seven (67) of this Complaint as if fully set forth herein.

69. 15 U.S.C. § 1692e states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (5) The threat to take any action that cannot be legally taken or that is not intended to be taken.
> …
> (7) The false representation or implication that the consumer committed any crime or other conduct to disgrace the consumer.

70. Volhr violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in pursuing disputed unlawful debt from the Apuzzos by masking the debt as "maintenance assessments".

71. Volhr violated 15 U.S.C. § 1692e(5) by engaging in unfair debt collection practices by threatening to place a lien on the Property (on at least two separate occasions) for failure to pay unlawful fines and disputed damages (not assessments) when Volhr knew a lien could not be placed on real property for outstanding fines.

72. Volhr violated 15 U.S.C. § 1692e(7) by  making false representations or implications that the Apuzzos engaged in conduct that damaged common

elements and demanding monies for repairs of the alleged damage to disgrace the Apuzzos.

73. Further, "…[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

74. Volhr engaged and continues to engage in harassing conduct against the Apuzzos by having pursued and continuing to pursuing an invalid debt resulting from unlawful fines and damages the Apuzzos did not cause including initiating two separate small claims suits (which really should be one lawsuit), on behalf of the LPCA, through its agent Morris Law, to recover a debt the Apuzzos do not owe.

75. As a result of Volhr's harassment, the Apuzzos have each suffered significant damage including psychological distress due to the consistent and continuous harassment from Volhr, including fear of a lien on their property, unease while residing in the community, paranoia from continued abuse and harassment, loss of voting rights, loss of the use of the common areas, and monetary damages from having to obtain counsel for arbitration and other actions initiated by Volhr on behalf of the LPCA.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages,

punitive damages, costs, interest, attorneys' fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FCCPA
### as to Defendant, Volhr)

76. The Apuzzos incorporate and reallege paragraphs one (1) through sixty-seven (67) of this Complaint as if fully set forth herein.

77. The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Fla. Stat. § 559.55(6), as it arises from personal, family or household transactions.

78. At all times relevant to this action, Volhr is subject to and must abide by the laws of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

79. Fla. Stat. § 559.72(7) prohibits a person from "…willfully engag[ing] in…conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

80. Volhr violated Fla. Stat. § 559.72(7) by its continued pursuit of an invalid debt from the Apuzzos as described herein, including by threatening to place a lien on the Apuzzos Property when it knew no such right exists, and approving the initiation of two separate legal actions in small claims

so as to further harass the Apuzzos to incur further legal fees to defend two actions when the claims all arose out of the same transaction or occurrence.

81. Fla. Stat. § 559.72(9) prohibits a person from claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that right does not exist.

82. Volhr violated Fla. Stat. § 559.72(9) by claiming, attempting, and threatening to enforce a debt when Volhr knew the alleged debt was not legitimate as the alleged debt arose from unlawfully levied fines and alleged damage to common areas that the Apuzzos did not cause.

83. Volhr further violated Fla. Stat. § 559.72(9) by asserting the existence of a right to a lien on the Property and attorneys' fees when that right does not exist.

84. Volhr's actions have directly and proximately resulted in Mr. Apuzzos' prior and continuous sustaining of actual damages as described by Fla. Stat. § 559.77.

85. Volhr's actions have directly and proximately resulted in Mrs. Apuzzos' prior and continuous sustaining of actual damages as described by Fla. Stat. § 559.77.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendants for statutory damages, actual damages, punitive damages, costs, interest, attorneys' fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Declaratory Judgment for Violations of the Flag Act
### as to Defendant, LPCA)

86. The Apuzzos incorporate and reallege paragraphs one (1) through sixty-seven (67) of this Complaint as if fully set forth herein.

87. The flag the Apuzzos have lawfully displayed and continue to lawfully display on their Property is the United States flag as defined in 120 Stat. 572 § 2 (1) of the Flag Act.

88. The Flag Act was enacted "to ensure the right of an individual to display the flag of the United States on residential property not be abridged…" in response to a reported problem encountered by individuals wishing to fly the American flag at residences governed by…condominium associations, noting various states had adopted similar legislation. 152 Cong. Rec. H4574-02 (daily ed. June 27, 2006)(2006 WL 1749721 (Cong. Rec.)) at 4574 (Statement of Rep. Roscoe Bartlett).

89. Section 3 of the Flag Act states, in pertinent part:

> "A condominium association…may not adopt or enforce any policy, or enter into any agreement, that would restrict or

prevent a member of the association from displaying the flag of the United States on residential property within the association with respect to which such member has…a right to exclusive possession or use."

120 Stat. 572 § 3.

90. Section 4 of the Flag Act limits such right, stating:

"…nothing in this Act shall be considered to permit any display…that is inconsistent with…any **reasonable restriction** pertaining to the time, place or manner of displaying the flag of the United States necessary to protect a substantial interest of the condominium association…" (emphasis added)

120 Stat. 572 § 4.

91. The LPCA violated Section 3 of the Flag Act by adopting a regulation with the intent to infringe on the Apuzzos right to display the United States flag under the Flag Act by attempting to redefine the irrevocably defined limited common area behind the Apuzzos Unit as a common element so as to prohibit its lawful display.

92. The LPCA violated Section 3 of the Flag Act by enforcing a regulation adopted in violation of the same by levying fines on the Apuzzos Unit for the lawful display of the United States flag.

93. As such, the Apuzzos request this court declare the LPCA's adopted regulation and its subsequent enforcement of the regulation against the Apuzzos in violation of the Flag Act.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and request this honorable court declare as void the amended covenants attempting to define the limited common areas granted to Unit 408 in the 1996 Resolution as common area and declare the fines levied for the display of the United States flag on such limited common areas as invalid, and any other such relief the court may deem just and proper.

## COUNT IV
### (Violations of the FCCPA
### as to Defendant, LPCA)

94. The Apuzzos incorporate and reallege paragraphs one (1) through sixty-seven (67) of this Complaint as if fully set forth herein.

95. At all times relevant to this action, LPCA is subject to and must abide by the laws of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

96. The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Fla. Stat. § 559.55(6), as it arises from personal, family or household transactions.

97. Fla. Stat. § 559.72(9) prohibits a person from claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that right does not exist.

98. LPCA violated Fla. Stat. § 559.72(9) by claiming, attempting, and threatening to enforce a debt when LPCA knew the alleged debt was not legitimate as the alleged debt arose from unlawfully levied fines and alleged damage to common areas that the Apuzzos did not cause.

99. LPCA further violated Fla. Stat. § 559.72(9) by asserting the existence of a right to a lien on the Property and attorneys' fees when that right does not exist.

100. LPCA's actions have directly and proximately resulted in Mr. Apuzzos' prior and continuous sustaining of actual damages as described by Fla. Stat. § 559.77.

101. LPCA's actions have directly and proximately resulted in Mrs. Apuzzos' prior and continuous sustaining of actual damages as described by Fla. Stat. § 559.77.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs, interest, attorneys' fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
**(Violations of the Condominium Act as to Defendant, LPCA)**

29

102. The Apuzzos incorporate and reallege paragraphs one (1) through sixty-seven (67) of this Complaint as if fully set forth herein.

103. At all times relevant to this action, LPCA is subject to and must abide by the laws of the State of Florida, including, without limitation, The Condominium Act, Fla. Stat. § 718.101, et seq.

104. The Apuzzos, as trustees, are Unit Owners under Fla. Stat. § 718.13(28).

105. Fla. Stat. § 718.113(3) limits the levying of fines to "…$1,000 in the aggregate".

106. LPCA violated Fla. Stat. § 718.113(3) by levying fines in excess of $1,000 in the aggregate, namely by levying a total of $6,800 in fines on March 23, 2021.

107. Fla. Stat. § 718.113(4) states, in pertinent part, "[a]ny unit owner may display one portable, removable United States flag in a respectful way…"

108. LPCA violated Fla. Stat,. § 718.113(4) by infringing on the Apuzzos rights to display the United States flag in a respectful way on limited common area that is exclusive to Unit 408 through the repeated demands to take down the flag and the levying of fines for such lawful display.

109. Fla. Stat. § 303(3)(a) states, in pertinent part, "[a]n association may suspend…[t]his paragraph does not apply to limited common elements…parking spaces…"

110. LPCA violated Fla. Stat. § 303(3)(a) by suspending their use of common area parking.

111. LPCA's actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Fla. Stat. § 718.303.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs, interest, attorneys' fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## JURY TRIAL DEMAND

The Apuzzos demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendants for statutory damages, actual damages, punitive damages, costs, interest, attorneys' fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Dated this 21st day of July, 2021.

Respectfully submitted,

*/s/ Jared M. Lee*
Jared M. Lee, Esquire
Florida Bar No.: 0052284
**Jackson Lee | PA**
1985 Longwood Lake Mary Rd., Ste. 1001
Longwood, FL 32750
Tel: 407.477.4401  Fax: 407.477.4949
Email: Jared@JacksonLeePA.com

31

Service@JacksonLeePA.com
Maria@JacksonLeePA.com
Marco@JacksonLeePA.com
*Counsel for Plaintiffs*

EXHIBIT A

2077698  OR: 2205 PG: 2393
RECORDED in OFFICIAL RECORDS of COLLIER COUNTY, FL
07/15/96 at 09:07AM DWIGHT E. BROCK, CLERK
                                    REC FEE      10.50

Retn:
J STEPHEN CRAWFORD
5129 CASTELLO DR #1
NAPLES FL 34103

Prepared by
J. Stephen Crawford, Esq.
5129 Castello Drive, Suite 1
Naples, Florida 33940

# CERTIFICATE

The undersigned, Secretary of 400 La Peninsula Condominium Association, Inc., a Florida corporation, hereby certifies that the following is a true and correct and complete copy of a resolution of the Board of Directors of the Association adopted at a meeting duly noticed and held on July 10 1996.

**Resolved**, that the Board of Administration of 400 La Peninsula Condominium Association, Inc. hereby irrevocably authorizes and approves the parking of a pick-up trucks and mini-vans having a gross weight of less than 4,000 pounds in parking spaces 413 and 424 at 400 La Peninsula, a Condominium.

**Resolved**, that the Board of Administration of 400 La Peninsula Condominium Association, Inc. hereby irrevocably confirms the status as and assigns to the owner of Unit 408 to use as a limited common element the area of the terrace currently in place outside of the south side of Unit 408 but in no event less than the area lying within the area bounded on the north by the south boundary of the screened porch and on the east and west by extension of the east and west boundaries of the screened porch and on the south by a line running on the southerly edge of the mounded terrace land south of and adjacent to Unit 408, with said south boundary in no event being less than 12 feet south of and parallel to the south line of the screened porch, which screened porch is also a limited common element appurtenant to Unit 408, (all of which limited common elements are hereby irrevocably assigned and confirmed to the Grantee), and which screened porch is shown on Exhibit 2 (Ground Floor/Parking) to said Declaration of Condominium, for the purpose of constructing of a deck on the terrace limited common elements of the Condominium adjacent to Unit 408 pursuant to the plans and specifications, approved by the county, if necessary, and on the condition that the owner of Unit 408 shall pay all costs of construction,

maintenance and repair, and shall maintain the deck in good repair at all times.

The undersigned further certifies that the foregoing resolutions have not been amended or rescinded and are in full force and effect at the date hereof.

Reid Park , Sec.

_____
, Secretary

*State of Florida*
*County of Collier*

I hereby certify that on July 3, 1996, before me, appeared Reid Parker, Secretary, personally known to me, who acknowledged on oath the execution of the foregoing instrument.



ADRIANNA M STEFANI
My Commission DC441315
Expires Feb 23, 1999
Bonded by ANB
800-555-5878
(Notarial Seal)

Adrianna M Stef.
Notary Public, State of Florida
Name: Adrianna M. Stefani
Commission No CC 441315
Expiration Date 2|23|99

2

# EXHIBIT B

# 400 La Peninsula Condominium Association, Inc.

c/o Volhr Corporation, Inc.
979 North Collier Blvd.
Marco Island, Florida 34145
Telephone:  239 389-3600
Fax:  239 394-4110

Via Regular Mail & Email: frank@apuzzo.com

February 7, 2020

Mr. & Mrs. Frank Apuzzo
400 La Peninsula Blvd., Unit 408
Naples, Florida 34113

Re:  Earthcare Landscape Services -  Invoice  63109

Dear Mr. and Mrs. Apuzzo:

Enclosed is a copy of the invoice for transplanting clusia bushes that the Association had to have replanted, because you had them relocated after they were initially installed.  Please remit a payment in the amount of $364.80 to reimburse the Association for the cost of this replant upon receipt of this communication.

Your attention to this matter is greatly appreciated.

Yours truly,

Barbara Nolan
Manager

Enclosure
cc:  Board of Directors

**SEAN MCGUINNESS, INC. DBA**
**EARTHCARE LANDSCAPE SERVICES**
**5111 Tamarind Ridge Drive**
**Naples, FL  34119**
**(239) 455-5188   Fax: (239) 353-8077**
**Info@earthcarelandscape.com**

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/6/2020 | 63109 |

| Bill To |
|---------|
| #400 La Peninsula Condo Association<br>c/o Volhr Corporation<br>979 N. Collier Blvd.<br>Marco Island, FL 34145 |

| Rep | Terms |
|-----|-------|
| KPM | Due on receipt |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| TRANSPLANT  CLUSIA | | | |
| 1/29- ENHANCEMENT Hourly Rate | 3 | 65.00 | 195.00 |
| 2/3- Stake Clusia ENHANCEMENT Hourly Rate | 2 | 65.00 | 130.00 |
| Lodge Poles | 4 | 9.95 | 39.80 |

The highest compliment we can ever receive is a referral from a friend.
While our business is good and steadily growing, it is important for you to know
that we are never too busy to help you or those you refer.Thank you for your business.

Call us for any waterfall or fountain design or installation needs!

* A FINANCE CHARGE OF 1.5% WILL BE ADDED TO BALANCES OVER 30 DAYS

*WE  ACCEPT  VISA, MASTERCARD, AMERICAN EXPRESS, AND DISCOVER

| | |
|---|---|
| **Total** | $364.80 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $364.80 |

# EXHIBIT C

# 400 La Peninsula Condominium Association, Inc.

c/o Volhr Corporation, Inc.
979 North Collier Blvd.
Marco Island, Florida 34145
Telephone: 239 389-3600
Fax: 239 394-4110

Via Regular Mail & Email: frank@apuzzo.com & islesofcapri@comcast.net

February 12, 2020

Mr. & Mrs. Frank Apuzzo
400 La Peninsula Blvd., Unit 408
Naples, Florida 34113

Re: Earthcare Landscape Services – Invoice 63168

Dear Mr. and Mrs. Apuzzo:

Enclosed is a copy of the Earthcare invoice for irrigation repairs in the amount of $290.75. These repairs were due to the Association's need to relocate Clusia bushes back to their original location after you had had them moved. Please remit a payment to reimburse the Association for the cost of this repair upon receipt of this communication.

Your attention to this matter is greatly appreciated.

Yours truly,

Barbara Nolan
Manager

Enclosure

**SEAN MCGUINNESS, INC. DBA**
**EARTHCARE LANDSCAPE SERVICES**
**5111 Tamarind Ridge Drive**
**Naples, FL 34119**
**(239) 455-5188   Fax: (239) 353-8077**
**Info@earthcarelandscape.com**

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/9/2020 | 63168 |

| Bill To |
|---------|
| #400 La Peninsula Condo Association<br>c/o Volhr Corporation<br>979 N. Collier Blvd.<br>Marco Island, FL 34145 |

| Rep | Terms |
|-----|-------|
| KPM | Due on receipt |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| IRRIGATION SERVICE CALL ON FEBRUARY 6TH TO ADD PROGRAM B FOR NEW CLUSIA IN REAR.<br>FIXED A BROKEN PIPE, ADDED A SPRINKLER AND CHANGED SOME NOZZLES FOR COVERAGE. | | 0.00 | 0.00 |
| Irrigation Tech | 2.25 | 75.00 | 168.75 |
| 6" Pop Up Sprinkler Head | 1 | 18.00 | 18.00 |
| Nozzles | 2 | 6.00 | 12.00 |
| 1/2" Flex Fitting Elbow | 2 | 3.00 | 6.00 |
| 1/2" Flex Fitting Coupling | 1 | 3.00 | 3.00 |
| 1/2" Flex Pipe 1' FT. | 2 | 1.00 | 2.00 |

| The highest compliment we can ever receive is a referral from a friend.<br>While our business is good and steadily growing, it is important for you to know<br>that we are never too busy to help you or those you refer.Thank you for your business. | **Total** | **$209.75** |
|---|---|---|
| Call us for any waterfall or fountain design or installation needs! | **Payments/Credits** | **$0.00** |
| * A FINANCE CHARGE OF 1.5% WILL BE ADDED TO BALANCES OVER 30 DAYS<br>*WE  ACCEPT  VISA, MASTERCARD, AMERICAN EXPRESS, AND DISCOVER | **Balance Due** | **$209.75** |

# EXHIBIT D

# 400 La Peninsula Condominium Association, Inc.

c/o Volhr Corporation, Inc.
979 North Collier Blvd.
Marco Island, Florida 34145
Telephone:  239 389-3600
Fax:  239 394-4110

Via Regular Mail & Email: frank@apuzzo.com & islesofcapri@comcast.net

February 27, 2020

Mr. & Mrs. Frank Apuzzo
400 La Peninsula Blvd., Unit 408
Naples, Florida 34113

Re:  Earthcare Landscape Services – Invoices 9096, 60789 & 44725

Dear Mr. and Mrs. Apuzzo:

Enclosed are copies of Earthcare invoices for repairs to the common area behind your unit that were required due to your unauthorized removal of Association landscaping on common property. The total cost to the Association for these repairs is $1,690.  Please remit payment to reimburse the Association upon receipt of this communication.  Enclosed is a statement of the total amount currently due on your account.

Your attention to this matter is greatly appreciated.

Yours truly,

Barbara Nolan
Manager

Enclosures



**SEAN MCGUINNESS, INC. DBA**
**EARTHCARE LANDSCAPE SERVICES**
5111 Tamarind Ridge Drive
Naples, FL 34119
(239)455-5188   Fax: (239)353-8077
Info@earthcarelandscape.com

# Estimate

| Date | Estimate # |
|------|-----------|
| 3/20/2019 | 9096 |

| Customer |
|----------|
| #400 La Peninsula Condo Association<br>c/o Vohr Corporation<br>979 N. Collier Blvd.<br>Marco Island, FL 34145 |

| Rep |
|-----|
| AMG |

| Description | Qty | Cost | Total |
|-------------|-----|------|-------|
| ADJUSTED ESTIMATE | | | |
| INSTALL 2 CLUSIA IN BACK OF BUILDING 400. | | | |
| Clusia 15 Gal ENHANCEMENT | 2 | 125.00 | 250.00 |
| ENHANCEMENT Hourly Rate | 1 | 65.00 | 65.00 |

*Approved*
*mar 25/19*

**\*A deposit of 50% is needed before work can commence**

\* Please call our office to process Visa, Mastercard, or Discover payments.

Earthcare is not responsible for any landscape lighting wire, invisible fencing, pipe or other underground materials that could be damaged due to landscape renovations. These can not be marked by us prior to work done. The location of these are only known by the original installer.

| Total | $315.00 |
|-------|---------|

**SEAN MCGUINNESS, INC. DBA**
**EARTHCARE LANDSCAPE SERVICES**
**5111 Tamarind Ridge Drive**
**Naples, FL  34119**
**(239) 455-5188   Fax: (239) 353-8077**
**Info@earthcarelandscape.com**

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/2/2019 | 60789 |

| Bill To |
|---------|
| #400 La Peninsula Condo Association<br>c/o Volhr Corporation<br>979 N. Collier Blvd.<br>Marco Island, FL 34145 |

| Rep | | Terms |
|-----|--|-------|
| AMG | | Due on receipt |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| ENHANCEMENT- RE PLANT CULSIA TREE AND HEDGE ON 11/13/17 ALSO STAKED ALL FALLEN PLANTS AROUND BUILDING ON 11/14/17 | | 0.00 | 0.00 |
| ENHANCEMENT Hourly Rate- FOR 2 MEN 11/13/17 °Hourly rate to transfer tree back in it's orignal location. | 4 | 110.00 | 440.00 |
| ENHANCEMENT Hourly Rate- FOR 2 MEN 11/14/17 | 8 | 110.00 | 880.00 |
| Staking With 2x4 ENHANCEMENT | 13 | 20.00 | 260.00 |
| Lodge Poles ENHANCEMENT | 12 | 9.95 | 119.40 |
| *** IRRIGATION LABOR & MATERIAL NEEDED WILL BE BILLED OUT SEPARATELY ON A TIME & MATERIAL BASIS TO ENSURE PROPER COVERAGE ON AREAS PROPOSED ABOVE.  IRRIGATION CHANGES & ADJUSTMENTS WILL BEGIN WHEN  ABOVE PROPOSED IS COMPLETE. *** | | | 0.00 |

| The highest compliment we can ever receive is a referral from a friend.<br>While our business is good and steadily growing, it is important for you to know<br>that we are never too busy to help you or those you refer. Thank you for your business. | **Total** | $1,699.40 |
|---|---|---|
| Call us for any waterfall or fountain design or installation needs! | **Payments/Credits** | $0.00 |
| * A FINANCE CHARGE OF 1.5% WILL BE ADDED TO BALANCES OVER 30 DAYS<br>*WE ACCEPT  VISA, MASTERCARD, AMERICAN EXPRESS, AND DISCOVER | **Balance Due** | $1,699 40 |

**SEAN MCGUINNESS, INC. DBA**
**EARTHCARE LANDSCAPE SERVICES**
5111 Tamarind Ridge Drive
Naples, FL 34119
(239) 455-5188  Fax: (239) 353-8077
Info@earthcarelandscape.com

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/5/2017 | 44725 |

**Bill To**

Frank Apuzzo
La Peninsula unit #408
Naples, FL 34113

| | Rep | | Terms |
|--|-----|--|-------|
| | CT | | |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| INSTALLED NEW 7.5 2017 | | 0.00 | 0.00 |
| INVOICE TO INSTALL NEW CLUSIA TREE BEHIND UNIT 408 WHERE THE SEA GRAPE TREE PREVIOUSLY | | | |
| | | | |
| ENHANCEMENT Hourly Rate 3 MEN | 3 | 195.00 | 585.00 |
| Bobcat Loader | 1 | 95.00 | 95.00 |
| Clusia Tree 25 Gal ENHANCEMENT | 1 | 255.00 | 255.00 |

*I had E.CARE re-invoice to 400*

The highest compliment we can ever receive is a referral from a friend. While our business is good and steadily growing, it is important for you to know that we are never too busy to help you or those you refer. Thank you for your business.

Call us for any waterfall or fountain design or installation needs!

\* A FINANCE CHARGE OF 1.5% WILL BE ADDED TO BALANCES OVER 30 DAYS

\*WE ACCEPT VISA, MASTERCARD, AMERICAN EXPRESS, AND DISCOVER

| | |
|--|--|
| **Total** | $935.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $935.00 |

# EXHIBIT E

LAW OFFICES

# WILLIAM G. MORRIS, P.A.

William G. Morris, Esq.
Admitted in FL, DC, VA

Samantha Navedo, Esq.

Of Counsel
Constance M. Burke, Esq.

**Marco Island**
247 N. Collier Blvd., Suite 202
Post Office Box 2056
Marco Island, FL 34146-2056
(239) 642-6020
Fax (239) 642-0722

Email: wgm@wgmorrislaw.com
www.wgmorrislaw.com

May 28, 2020

*Via Certified Mail 7019 0160 0000 7812 4200*
*& US Mail*

Apuzzo Family Trust
Attn: Mr. & Mrs. Frank Apuzzo
400 La Peninsula, Unit 408
Naples, FL 34113

RE: 400 LA PENINSULA/ Apuzzo Family Trust
Overdue Assessments – Unit 408
Our File: 20L031

Dear Mr. & Mrs. Apuzzo:

Our firm represents 400 La Peninsula Condominium Association, Inc. Pursuant to the Declaration of Condominium, as originally recorded and as amended, you are responsible for the cost of repairing any damage to the common elements caused by your negligence or intentional action. You destroyed or damaged the landscaping, including a Seagrape tree, a Bougainvillea hedge, clusia bushes and irrigation in the common element area behind the condominium building. The Association sent you letters with copies of invoices for repair and replacement caused by your action February 7, 12 and 27, 2020 in which the Association demanded payment of the cost of repair and replacement. Copies of those letters and invoices accompany. You failed to pay.

Total of invoices for repair you have not paid is $2,264.55, plus interest through May 28, 2020 of $105.64.

Section 13 of the Amended and Restated Declaration provides the Association may levy special charges against your unit for any amount which is properly chargeable against your unit. The cost of repairing damage is a charge properly chargeable against your unit. Please note that pursuant to Section 13.8 of the Amended and Restated Declaration, interest accrues at 18% on these unpaid assessments and you will be liable for costs and attorney fees of collection under Section 22.3 of the Amended Restated Declaration and Section 718.116 (6)(a) Florida Statutes.

This letter shall serve as the Association's notice of intent to record a Claim of Lien against your property no sooner than 30 days after your receipt of this letter, unless you pay in full the amounts set forth below:

| | |
|---|---|
| Assessments due: | $ 2,264.55 |
| Interest through 05/26/2020* | $ 105.64 |
| Certified mail charges/ | $ 30.00 |
| U.S. Mail charges | |
| Other costs | $ 500.00 |
| TOTAL DUE | $ 2,900.19 |

*Interest accrues at the rate of 18% percent per annum.

Notice required by the Fair Debt Collection Practices Act, 15 U.S.C. ' 1601, et seq, is incorporated herein below:

- As of May 28, 2020, you owe a principal total of $2,264.55, plus interest of $105.64, attorney fees and costs.

  The creditor is 400 La Peninsula Condominium Association, Inc.

- Unless you dispute the validity of the debt, or any portion thereof, within 30 days after receipt of this notice, the debt will be assumed to be valid;

- If you notify this office in writing within the above-referenced 30 days that you dispute the debt, or any portion thereof, verification of the debt or a copy of a judgment against you will be mailed to you;

- If you request in writing, within the 30-day period referenced above, you will be provided the name of the original creditor, if different from the current creditor;

- If you dispute the debt, or any portion of it, within 30 days of receipt of this notice, or request the name and address of the original creditor, or request verification of the debt or copy of a judgment, attempts at debt collection will cease until you are provided verification of the debt, copy of a judgment (if any) and name/address of the original creditor;

- Failure on your part to dispute the validity of a debt may not be construed as an admission of liability.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE

Sincerely,

William G. Morris, Esq.

WGM/gms  d:30
CC: 400 La Peninsula Condominium Association, Inc.
CC : Barbara Nolan

# 400 La Peninsula Condominium
## Association, Inc.

c/o Volhr Corporation, Inc.
979 North Collier Blvd.
Marco Island, Florida 34145
Telephone: 239 389-3600
Fax: 239 394-4110

Via Regular Mail & Email: frank@apuzzo.com

February 7, 2020

Mr. & Mrs. Frank Apuzzo
400 La Peninsula Blvd., Unit 408
Naples, Florida 34113

Re:  Earthcare Landscape Services -  Invoice  63109

Dear Mr. and Mrs. Apuzzo:

Enclosed is a copy of the invoice for transplanting clusia bushes that the Association had to have replanted, because you had them relocated after they were initially installed.  Please remit a payment in the amount of $364.80 to reimburse the Association for the cost of this replant upon receipt of this communication

Your attention to this matter is greatly appreciated.

Yours truly,

Barbara Nolan
Manager

Enclosure
cc:  Board of Directors

## 400 La Peninsula Condominium Association, Inc.
c/o Volhr Corporation, Inc.
979 North Collier Blvd.
Marco Island, Florida 34145
Telephone:  239 389-3600
Fax:  239 394-4110

Via Regular Mail & Email: frank@apuzzo.com & islesofcapri@comcast.net

February 12, 2020

Mr. & Mrs. Frank Apuzzo
400 La Peninsula Blvd., Unit 408
Naples, Florida 34113

Re:  Earthcare Landscape Services – Invoice 63168

Dear Mr. and Mrs. Apuzzo:

Enclosed is a copy of the Earthcare invoice for irrigation repairs in the amount of $290.75.  These repairs were due to the Association's need to relocate Clusia bushes back to their original location after you had had them moved.  Please remit a payment to reimburse the Association for the cost of this repair upon receipt of this communication.

Your attention to this matter is greatly appreciated.

Yours truly,

Barbara Nolan
Manager

Enclosure

## 400 La Peninsula Condominium Association, Inc.

c/o Volhr Corporation, Inc.
979 North Collier Blvd.
Marco Island, Florida 34145
Telephone: 239 389-3600
Fax: 239 394-4110

Via Regular Mail & Email: frank@apuzzo.com & islesofcapri@comcast.net

February 27, 2020

Mr. & Mrs. Frank Apuzzo
400 La Peninsula Blvd., Unit 408
Naples, Florida 34113

Re: Earthcare Landscape Services – Invoices 9096, 60789 & 44725

Dear Mr. and Mrs. Apuzzo:

Enclosed are copies of Earthcare invoices for repairs to the common area behind your unit that were required due to your unauthorized removal of Association landscaping on common property. The total cost to the Association for these repairs is $1,690. Please remit payment to reimburse the Association upon receipt of this communication. Enclosed is a statement of the total amount currently due on your account.

Your attention to this matter is greatly appreciated.

Yours truly,

Barbara Nolan
Manager

Enclosures



**LIN MCGUINNESS, INC. DBA**
**EARTHCARE LANDSCAPE SERVICES**
**5111 Tamarind Ridge Drive**
**Naples, FL 34119**
**(239) 455-5188  Fax: (239) 353-8077**
**info@earthcarelandscape.com**

# Invoice

| Date | Invoice # |
|------|-----------|
| 7.5.2017 | 44725 |

**Bill To**

Frank Apuzzo
La Peninsula unit #408
Naples, FL 34113

| Rep | Terms |
|-----|-------|
| CT | |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| INSTALLED NEW 7.5 2017 | | 0.00 | 0.00 |
| INVOICE TO INSTALL NEW CLUSIA TREE BEHIND UNIT 408 WHERE THE SEA GRAPE TREE PREVIOUSLY | | | |
| ENHANCEMENT Hourly Rate 3 MEN | 3 | 195.00 | 585.00 |
| Bobcat Loader | 1 | 95.00 | 95.00 |
| Clusia Tree 25 GAL ENHANCEMENT | 1 | 255.00 | 255.00 |

*I had E.CARE*
*re-invoice to 400*

The highest compliment we can ever receive is a referral from a friend.
While our business is good and steadily growing, it is important for you to know
that we are never too busy to help you or those you refer. Thank you for your business

Call us for any waterfall or fountain design or installation needs!

* A FINANCE CHARGE OF 1.5% WILL BE ADDED TO BALANCES OVER 30 DAYS
*WE ACCEPT VISA, MASTERCARD, AMERICAN EXPRESS, AND DISCOVER

| | |
|---|---|
| **Total** | $935.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $935.00 |



# Estimate

**SEAN MCGUINNESS, INC. DBA**
**EARTHCARE LANDSCAPE SERVICES**
5521 Tamarind Ridge Drive
Naples, FL 34119
(239)455-5188  Fax: (239)353-8077
Info@earthcarelandscape.com

| Date | Estimate # |
|------|------------|
| 3/20/2019 | 3896 |

**Customer**

#400 La Peninsula Condo Association
c/o Volhr Corporation
979 N. Collier Blvd.
Marco Island, FL 34145

| Rep |
|-----|
| AMG |

| Description | Qty | Cost | Total |
|-------------|-----|------|-------|
| ADJUSTED ESTIMATE | | | |
| INSTALL 2 CLUSIA IN BACK OF BUILDING 400. | | | |
| Clusia 15 Gal ENHANCEMENT | 2 | 125.00 | 250.00 |
| ENHANCEMENT Hourly Rate | 1 | 65.00 | 65.00 |

*Approved*
*mar 25/19*

**\*A deposit of 50% is needed before work can commence**

* Please call our office to process Visa, Mastercard, or Discover payments.

Earthcare is not responsible for any landscape lighting wire, invisible fencing, pipe or other under-ground materials that could be damaged due to landscape renovations. These can not be marked by us prior to work done. The location of these are only known by the original installer.

| Total | $315.00 |
|-------|---------|

**SEAN MCGUINNESS, INC. DBA**
**EARTHCARE LANDSCAPE SERVICES**
**5111 Tamarind Ridge Drive**
Naples, FL 34119
(239) 455-5188 · Fax: (239) 353-8077
Info@earthcarelandscape.com

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/2/2019 | 60789 |

**Bill To**

#400 La Peninsula Condo Association
c/o Vollr Corporation
979 N. Collier Blvd.
Marco Island, FL 34145

| Rep | Terms |
|-----|-------|
| AMG | Due on receipt |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| ENHANCEMENT- RE PLANT CULSIA TREE AND HEDGE ON 11/13/17 ALSO STAKED ALL FALLEN PLANTS AROUND BUILDING ON 11/14/17 | | 0.00 | 0.00 |
| ENHANCEMENT Hourly Rate- FOR 2 MEN 11/13/17 Hourly rate to transfer tree back in it's original location. | 4 | 110.00 | 440.00 |
| ENHANCEMENT Hourly Rate- FOR 2 MEN 11/14/17 | 8 | 110.00 | 880.00 |
| Staking With 2x4 ENHANCEMENT | 13 | 20.00 | 260.00 |
| Lodge Poles ENHANCEMENT | 12 | 9.95 | 119.40 |
| *** IRRIGATION LABOR & MATERIAL NEEDED WILL BE BILLED OUT SEPARATELY ON A TIME & MATERIAL BASIS TO ENSURE PROPER COVERAGE ON AREAS PROPOSED ABOVE.  IRRIGATION CHANGES & ADJUSTMENTS WILL BEGIN WHEN  ABOVE PROPOSED IS COMPLETE. *** | | | 0.00 |

The highest compliment we can ever receive is a referral from a friend.
While our business is good and steadily growing, it is important for you to know
that we are never too busy to help you or those you refer. Thank you for your business.

Call us for any waterfall or fountain design or installation needs!

* A FINANCE CHARGE OF 1.5% WILL BE ADDED TO BALANCES OVER 30 DAYS
*WE ACCEPT VISA, MASTERCARD, AMERICAN EXPRESS, AND DISCOVER

| | |
|---|---|
| **Total** | $1,699.40 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $1,699.40 |

**SEAN MCGUINNESS, INC. DBA**
**EARTHCARE LANDSCAPE SERVICES**
5111 Tamarind Ridge Drive
Naples, FL 34119
(239) 455-5188   Fax: (239) 353-8077
Info@earthcarelandscape.com

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/6/2020 | 63109 |

**Bill To**

#400 La Peninsula Condo Association
c/o Volhr Corporation
979 N. Collier Blvd.
Marco Island, FL 34145

| Rep | | Terms |
|-----|--|-------|
| KPM | | Due on receipt |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| TRANSPLANT  CLUSIA | | | |
| | | | |
| 1/29- ENHANCEMENT Hourly Rate | 3 | 65.00 | 195.00 |
| 2/3- Stake Clusia ENHANCEMENT Hourly Rate | 2 | 65.00 | 130.00 |
| Lodge Poles | 4 | 9.95 | 39.80 |

The highest compliment we can ever receive is a referral from a friend.
While our business is good and steadily growing, it is important for you to know
that we are never too busy to help you or those you refer. Thank you for your business.

Call us for any waterfall or fountain design or installation needs!

\* A FINANCE CHARGE OF 1.5% WILL BE ADDED TO BALANCES OVER 30 DAYS

\*WE  ACCEPT  VISA, MASTERCARD, AMERICAN EXPRESS, AND DISCOVER

| Total | $364.80 |
|-------|---------|
| Payments/Credits | $0.00 |
| Balance Due | $364.80 |

SEAN MCGUINNESS, INC. DBA
EARTHCARE LANDSCAPE SERVICES
6111 Tamarind Ridge Drive
Naples, FL 34119
(239) 455-5188   Fax: (239) 353-8077
Info@earthcarelandscape.com

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/9/2020 | 63168 |

**Bill To**

#400 La Peninsula Condo Association
c/o Volhr Corporation
979 N. Collier Blvd.
Marco Island, FL 34145

| Rep | | Terms |
|-----|--|-------|
| KPM | | Due on receipt |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| IRRIGATION SERVICE CALL ON FEBRUARY 6TH TO ADD PROGRAM B FOR NEW CLUSIA IN REAR. | | 0.00 | 0.00 |
| FIXED A BROKEN PIPE, ADDED A SPRINKLER AND CHANGED SOME NOZZLES FOR COVERAGE. | | | |
| | | | |
| Irrigation Tech | | | |
| 6" Pop Up Sprinkler Head | 2.25 | 75.00 | 168.75 |
| Nozzles | 1 | 18.00 | 18.00 |
| 1/2" Flex Fitting Elbow | 2 | 6.00 | 12.00 |
| 1/2" Flex Fitting Coupling | 2 | 3.00 | 6.00 |
| 1/2" Flex Pipe 1' FT. | 1 | 3.00 | 3.00 |
| | 2 | 1.00 | 2.00 |

The highest compliment we can ever receive is a referral from a friend.
While our business is good and steadily growing, it is important for you to know
that we are never too busy to help you or those you refer.Thank you for your business.

Call us for any waterfall or fountain design or installation needs!

* A FINANCE CHARGE OF 1.5% WILL BE ADDED TO BALANCES OVER 30 DAYS
*WE ACCEPT VISA, MASTERCARD, AMERICAN EXPRESS, AND DISCOVER

| Total | $209.75 |
|-------|---------|
| Payments/Credits | $0.00 |
| Balance Due | $209.75 |

EXHIBIT F

400 La Peninsula Condominium Association
C/o Volhr Corporation
1000 N. Collier Blvd. Suite#9
Marco Island, Fl 34145
Phone: (239)389-3600


July 22, 2020

A & B Web Ventures, Llc
400 La Peninsula Blvd
Unit 408
Naples, FL 34113
ATTN: Frank And Kimberly Apuzzo

Re: 400 La Peninsula Blvd, Acct: 408

Dear Frank And Kimberly Apuzzo:

NOTICE OF INTENT TO RECORD A CLAIM OF LIEN

The attached amounts are currently due on your account to the
Association referenced above, and must be paid within 30 days
after your receipt of this letter. This letter shall serve as the
Association's notice of intent to record a Claim of Lien against
your property no sooner than 30 days after your receipt of this
letter, unless you pay in full the amounts set forth in the next
page (Attached Statement of Account).

Please contact our office if you have any questions.


Sincerely yours,


Volhr Corporation


CC: Board of Directors


CERTIFIED MAIL (Address on File)           

REGULAR MAIL (Unit Address)

400 La Peninsula Condominium Association
C/o Volhr Corporation
1000 N. Collier Blvd. Suite#9
Marco Island, Fl 34145
Phone: (239)389-3600

A & B Web Ventures, Llc                          Date: 07/15/20
400 La Peninsula Blvd                            Unit: 408
Unit 408
Naples, FL 34113
ATTN: Frank And Kimberly Apuzzo

Due Date            July 01, 2020
Delinquent Date     July 11, 2020

### Statement of Account

| Date | Description | Charges | Credits | Balance |
| --- | --- | --- | --- | --- |
| 07/01/20 | OPENING BALANCE | | | 2,345.55 |
| 07/01/20 | MAINTENANCE FEE ASSESSMENT | 2,651.77 | | 4,997.32 |
| 07/11/20 | 3RD QTR20 LATE FEE | 132.59 | | 5,129.91 |
| | Balance Due: | | | $5,129.91 |



PLEASE CALL (239)389-3600 WITH ANY QUESTIONS
REGARDING YOUR ACCOUNT

EXHIBIT G

LAW OFFICES

# WILLIAM G. MORRIS, P.A.

William G. Morris, Esq.
Admitted in FL, DC, VA

Samantha A. Navedo, Esq.

Of Counsel
Constance M. Burke, Esq.

Marco Island
247 N. Collier Blvd., Suite 202
Post Office Box 2056
Marco Island, FL 34146-2056
(239) 642-6020
Fax (239) 642-0722

Email: wgm@wgmorrislaw.com
www.wgmorrislaw.com

August 31, 2020

Apuzzo Family Trust
408 La Peninsula Blvd.
Naples, FL 34113

*Certified Mail 7019 1640 0002 0018 2045*
*and U.S. First Class Mail*
Re: 400 LA PENINSULA v. Apuzzo Family Trust
Our File: 20CL010

Dear Mr. Mrs. Apuzzo:

## NOTICE OF INTENT
## TO RECORD A CLAIM OF LIEN

The following amounts are currently due on your account to 400 La Peninsula Condominium Association, Inc. for your property at 400 La Peninsula Blvd., Unit 408, Naples, FL 34113 and must be paid within 30 days after your receipt of this letter.

This letter shall serve as the association's notice of intent to record a Claim of Lien against your property no sooner than 30 days after your receipt of this letter, unless you pay in full the amounts set forth below:

| | | |
|---|---|---|
| Assessments due: | $ 2,421.95 | (inclusive of delinquent interest accrues at 1.5 %) |
| Certified mail charges/ | $ 10.00 | |
| U.S. Mail charges | | |
| Other costs | $ 400.00 | |
| **TOTAL DUE** | **$ 2,831.95** | |

Notice required by the Fair Debt Collection Practices Act, 15 U.S.C. ' 1601, et seq, is incorporated herein below:

- As of August 31, 2020, you owe a total of $2,389.97 which includes $1,959.97 in assessments and interest and $410.00 in attorney fees and costs. This amount may increase and you should contact our office for an updated pay off;

The creditor is 400 La Peninsula Condominium Association, Inc.

- Unless you dispute the validity of the debt, or any portion thereof, within 30 days after receipt of this notice, the debt will be assumed to be valid;

- If you notify this office in writing within the above-referenced 30 days that you dispute the debt, or any portion thereof, verification of the debt or a copy of a judgment against you will be mailed to you;

- If you request in writing, within the 30 day period referenced above, you will be provided the name of the original creditor, if different from the current creditor;

- If you dispute the debt, or any portion of it, within 30 days of receipt of this notice, or request the name and address of the original creditor, or request verification of the debt or copy of a judgment, attempts at debt collection will cease until you are provided verification of the debt, copy of a judgment (if any) and name/address of the original creditor;

- Failure on your part to dispute the validity of a debt may not be construed as an admission of liability.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE

Sincerely,

William G. Morris

WGM/gms    d:30
cc:   400 La Peninsula Condominium Association, Inc.