# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

FRANK P. APUZZO, JR. and
KIMBERLY J. APUZZO,

      Plaintiffs,

v.                                          CASE NO.: 2:21-cv-552-JLB-NPM

VOLHR CORPORATION, and 400 LA
PENINSULA CONDOMINIUM
ASSOCIATION, INC.,

      Defendants.

_____/

## DEFENDANTS' MOTION TO ENFORCE SETTLEMENT

Defendants, Volhr Corporation and 400 La Peninsula Condominium Association, hereby move to enforce their global settlement with Plaintiffs, Frank and Kimberly Apuzzo.

1. On June 16, 2023, the parties herein agreed on a global settlement encompassing all issues and claims in this action and the related actions proceeding in Florida County Court (Collier County).

2. The parties advised the Court of this settlement in their Mediation Report (DE 57), along with the contemporaneous Joint Motion to Stay Litigation in Furtherance of Settlement (DE 56), and the Court stayed the case accordingly to allow the parties to finalize the terms of the settlement agreement. *See* Endorsed Order, June 29, 2023 (DE 58).

3. Discussion of the final settlement details proceeded as planned between counsel, and as of July 21, 2023, the parties were nearing a final resolution, having agreed on all but two ancillary provisions.

4. Since July 21, 2023, no progress has occurred.

5. From July 21 through August 8, 2023, all calls and emails to Plaintiffs' counsel went unanswered.

6. Plaintiffs' counsel responded for the first time on August 8, 2023 but indicated only that another attorney would be entering an appearance in the case soon.

7. Defendants respectfully request the Court's assistance finalizing this settlement.

## MEMORANDUM OF LAW

Federal district courts have the inherent power to summarily enforce settlement agreements entered into by litigants in a pending case. *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991). Settlement agreements "are favored as a means to conserve judicial resources" and "will [be] enforce[d] … when it is possible to do so." *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002). This includes settlement agreements that are not fully executed, which are nevertheless enforceable so long as (1)

CASE NO.: 2:21-cv-552-JLB-NPM

the opposing party's attorney had "clear and unequivocal authority to enter into the settlement agreement," and (2) the opposing party assented to all essential terms of the agreement. *Wells Fargo Bank, N.A. v. Mision Cristiana Bethesda, Inc.*, No. 616CV1572ORL37KRS, 2017 WL 1476307, at *3 (M.D. Fla. Apr. 25, 2017) (quoting/citing *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994) and *Spiegel*, 834 So.2d 297).

Here, these criteria are plainly met. The parties agreed on the essential details of the settlement at mediation, with the Apuzzos present. *See* Joint Mediation Report (DE 57). After mediation, the task of finalizing and memorializing the settlement terms fell to the undersigned and the Apuzzos' counsel of record, who was and remains their authored representative. The only issues left to be worked out were ancillary, and productive discussions regarding the same proceeded between counsel. Indeed, before communications ceased, both attorneys agreed the remaining items were minor enough that there would be no need to reconvene mediation.

Whatever the reason the final steps have not occurred, the fact remains that the parties have agreed on a settlement. The parties have spent expended substantial effort and expense trying to finalize this settlement—to say nothing of the time and expense of the two lengthy mediation sessions needed

CASE NO.: 2:21-cv-552-JLB-NPM

to agree on the essential terms. Defendants submit that an award of fees and costs will be appropriate, certainly if Plaintiffs back out of the settlement, but at this stage, Defendants simply ask the Court to enforce the parties' settlement so that this matter can be concluded and closed.

**WHEREFORE**, Defendants respectfully request this Honorable Court enforce the parties' agreed settlement, address the final ancillary terms as necessary, and award fees and costs, along with such other relief, as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August 2023, a true and correct copy of the foregoing has been filed with the Clerk of Court via the CM/ECF system, which will send notice to all parties and counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendants*
> Cole, Scott, & Kissane Building
> 27300 Riverview Center Boulevard, Suite 200
> Bonita Springs, FL 34134
> Telephone (239) 690-7924
> Facsimile (239) 738-7778
> Primary e-mail: daniel.calvert@csklegal.com
> Alternate e-mail: juliette.heller@csklegal.com
>
> By:  s/ *Daniel C. Calvert*
> DANIEL C. CALVERT
> Florida Bar No.: 116544