UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK P. APUZZO, JR. and
KIMBERLY J. APUZZO,

      Plaintiffs,

v.                                        Case No:   2:21-cv-552-JLB-NPM

VOHLR CORPORATION, and 400 LA
PENINSULA CONDOMINIUM
ASSOCIATION, INC.,

      Defendants.

## **ORDER**

This cause comes before the Court on Defendants' Motion to Enforce Settlement (Doc. 60).  Plaintiffs have not responded to Defendants' Motion, and the time to do so has expired.  *See* M.D. Fla. L. R. 3.01(c).

On June 29, 2023, the parties filed a Joint Motion to Stay Litigation in Furtherance of Settlement.  (Doc. 56).  There, the parties "advise[d] the Court that they ha[d] reached an agreement on the principal terms of a global settlement and respectfully request[ed] that litigation be stayed until July 21, 2023, to allow counsel to negotiate and draft the final non-monetary terms."  (Doc. 56 at 1).  That day, the Court granted the parties' Joint Motion.  (Doc. 58).  The parties were instructed to "file a joint notice detailing the status (not substance) of their settlement efforts" on or before July 23, 2023 if they had not yet filed a notice of settlement.  (*Id.*)  On July 26, 2023, Defendants filed a status report advising the

Court that (1) "[g]lobal settlement discussions are progressing, but the parties are nearing a final resolution, having reached agreements on all but two issues;" and (2) "[w]ith the primary terms in place, Defendants anticipate the parties will be able to resolve the remaining issues."  (Doc. 59 at ¶¶ 2–3).

In the Motion before the Court, Defendants have advised the Court that since July 21, 2023, "no progress has occurred" on the parties' settlement discussions and that "[f]rom July 21 through August 8, 2023, all calls and emails to Plaintiffs' counsel went unanswered."  (Doc. 60 at ¶¶ 4–5).  Thus, Defendants request that the Court enforce the parties' agreed settlement and address the final ancillary terms as necessary.  (*Id.* at 4).  The day after Defendants filed the Motion, new counsel filed a notice of appearance on behalf of Plaintiffs.  (Doc. 61).  Nevertheless, Plaintiffs have neither timely responded to Defendants' Motion, nor requested an extension of time to respond.  *See* M.D. Fla. L. R. 3.01(c).  Furthermore, Plaintiffs' original counsel is still listed as lead counsel in this this case and has not filed a Motion to Withdraw as is required under the Local Rules.  *See* M.D. Fla. L. R. 2.02(c).

## LEGAL STANDARD

Federal district courts have "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case."  *Ford v. Citizens and S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (quotation omitted).  "The determination as to whether a binding settlement agreement was reached by the parties is governed by Florida contract law principles."  *Wells Fargo Bank, N.A.*

*v. Mision Cristiana Bethesda, Inc.*, No. 6:16-cv-1572-Orl-37KRS, 2017 WL 1476307, at *2 (M.D. Fla. Apr. 25, 2017) (quotation omitted).  Florida contract law principles suggest that settlement agreements "are favored as a means to conserve judicial resources[,] [and] [c]ourts will enforce them when it is possible to do so." *See Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002).

Courts will not enforce a settlement agreement unless the party seeking to compel enforcement of such an agreement demonstrates two things—(1) "that [the opposing party's] attorney had clear and unequivocal authority to enter into the settlement agreement," *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994); and (2) that the opposing party assented to all the essential terms of the agreement, *Spiegel*, 834 So. 2d at 297.  To determine whether the proponent of an unsigned agreement has made the requisite showing, courts use an objective standard under which "[t]he making of a contract depends . . . not on the parties having meant the same thing but on their having said the same thing." *See Specialty Disease Mgmt. Servs., Inc. v. Aids Healthcare Found.*, No. 3:01-cv-1353-J-32TEM, 2003 WL 25608009, *4 (M.D. Fla. Oct. 21, 2003).

## **DISCUSSION**

Under Florida law, courts will not enforce a settlement agreement unless its terms are "sufficiently specific and mutually agreed upon as to every essential element." *See Spiegel*, 834 So. 2d at 297 (citation omitted).  "Uncertainty as to nonessential terms or small items will not preclude enforcement of a settlement agreement." *BP Prods. N. Am., Inc. v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d

3

1128, 1133 (M.D. Fla. Jan. 3, 2007). This is because "[t]he making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs." *See Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.*, 302 So. 2d 404, 407 (Fla. 1974).

Here, on June 29, 2023, the parties reported to the Court that they "reached an agreement on the basic terms of a global settlement encompassing all issues and claims in this action and the related actions proceeding in Florida County Court (Collier County)." (Doc. 57 at ¶ 2). And on July 26, 2023, Defendants[1] reported to the Court that the parties "[we]re nearing a final resolution, having reached agreement on all but two issues" and that "the primary terms [were] in place." (Doc. 59 at ¶¶ 1–2). These representations indicate that the "essential element[s]" of the settlement agreement have been mutually agreed to by the parties. *See Spiegel*, 834 So. 2d at 297. And while two terms—which the parties have assured the Court are not "primary"—remain to be agreed upon by the parties, these outstanding, non-essential issues cannot preclude the enforcement of settlement. *See BP Products*, 469 F. Supp. 2d at 1133.

Thus, based on the parties' representations in their prior reports to the Court, as well as Plaintiffs' failure to respond to Defendants' Motion to Enforce Settlement, the Court finds that the settlement is valid and enforceable against

---

[1] Defendants also stated that they hoped to extend the stay to complete settlement negotiations, but that "Plaintiffs' counsel could not be reached to provide express approval of this request." (Doc. 59 at ¶ 4).

Plaintiffs because the parties agreed to the essential details of their settlement agreement. (*See* Doc. 57; Doc. 59).

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Enforce Settlement (Doc. 60) is **GRANTED** to the extent that the Court enforces the parties' agreed upon terms. The Court is confident that the parties will memorialize an agreement containing both the agreed upon essential terms and the remaining few ancillary issues in short time. On or before September 8, 2023, the parties are **DIRECTED** to file a joint status report with the Court as to those efforts.

**ORDERED** at Fort Myers, Florida on August 24, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE